UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA,

    -against-

RUBIN MOYE,

    Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

16 Crim. 250 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Defendant Rubin Moye moves for reduction of his sentence and immediate release to home confinement under 18 U.S.C. § 3582(c)(1)(A). (Letter Motion dated June 29, 2020 ("Def. Letter"), ECF No. 127.) The Government opposes Defendant's motion for compassionate release. (*See* Letter Response dated July 10, 2020 ("Gov't Opp'n"), ECF No. 128.) Defendant argues that COVID-19, his multiple "pre-existing medical conditions," and his "continued confinement" during the pandemic entitle him to immediate release. (Def. Letter at 11.) Defendant's motion is DENIED.

    Defendant is currently serving a sentence of 192 months' imprisonment after being found guilty by jury trial of possession of a firearm after a felony conviction, witness intimidation, and witness retaliation. (J. in a Crim. Case, ECF No. 122.) Defendant's projected release date is December 28, 2029. (Def. Letter at 6.)

    As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[1] Any such reduction must also be "consistent with applicable policy

---

[1] A court may only afford relief under Section 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure

statements issued by the Sentencing Commission." *Id.* Specifically, the Application Notes to United States Sentencing Guidelines § 1B1.13 describe the circumstances that qualify as "extraordinary and compelling reasons" to justify a reduced sentence, which broadly relate to the defendant's medical condition, age, and family circumstances. U.S.S.G. § 1B1.13, Appl. Note 1(A)–(C). The Application Notes also provide a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Additionally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease"). Here, Defendant argues that the COVID-19 pandemic and his individual medical vulnerabilities present an extraordinary and compelling reason for release. (Def. Letter at 2–4.)

Defendant is a 37-year old man who suffers from Type 2 diabetes, hyperlipidemia, essential hypertension, and asthma. (Def. Letter at 4.) According CDC guidance, Type 2 diabetes places Defendant at increased risk of suffering serve illness should he contract COVID-19. *See Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated October 16, 2020). Moreover, hypertension is listed as a condition that "*may* increase your risk of severe illness from COVID-19." *Id.* (emphasis added). The

---

of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. 3582(c)(1)(A). The parties do not dispute that Defendant has satisfied this procedural requirement.

guidance also indicates that having moderate-to-severe asthma "*may* increase your risk of severe illness from COVID-19." *Id.* (emphasis added.) Hyperlipidemia is not listed as a medical condition currently associated with increased risk of severe COVID-19 illness. *Id.*

Defendant, however, makes no specific allegations about his experience at USP Coleman I that would lead to the conclusion that his circumstances at this facility give rise to extraordinary and compelling reasons for release. Instead, Defendant relies on a series of generalized arguments about prison conditions and cites COVID-19 statistics from across the country. (Def. Letter at 2–6; 14.) Incarceration in a jail or prison certainly could carry an increased risk of contracting contagious diseases such as COVID-19. But Defendant's compassionate release request essentially asks this Court to find that any individual who has diabetes, hypertension, and asthma and is held in federal prison is experiencing extraordinary and compelling circumstances warranting release. That conclusion is not warranted. Notably, Defendant did not raise any concerns about the prevalence of coronavirus in the USP Coleman I facility nor did he make any allegations that the quality of medical care he receives at USP Coleman I is lacking.

Even if Defendant's medical circumstances did qualify as extraordinary and compelling reasons to justify release, this Court must evaluate the 3553(a) sentencing factors and determine that Defendant is not a danger to the safety of any person or the community before granting Defendant's motion. This analysis strongly counsels against Defendant's release. Defendant has a lengthy criminal history that includes a number of violent crimes, such a first-degree manslaughter, assault, and rioting in prison. (Gov't Opp'n at 3.) Moreover, Defendant's conviction in the instant case results, in part, from his solicitation of a violent assault on a witness that was cooperating with law enforcement as a witness against him. (*Id.* at 7.) Furthermore, even after sentence was imposed, Defendant was disciplined for possessing a "hazardous tool" while in

prison. (*Id.* at 3.) Given these facts, this Court cannot conclude that Defendant is not a danger to the community. Defendant's successful completion of educational and vocational courses does not persuade this Court otherwise. (Def. Letter at 17).

To be sure, Defendant's motion outlines a difficult childhood fraught with violence, trauma, and loss. (*Id.* at 7–11.) But Defendant also notes that these "mitigating factors" were taken into "consideration at the time of sentencing." (*Id.* at 17). Nothing in the Defendant's submission has lessened the need for a significant sentence to sufficiently deter future criminal conduct. This Court does not minimize Defendant's health risks, but Defendant has not met his burden for compassionate release, especially considering Defendant's offense and serious criminal history, and in light of the BOP's ongoing efforts to mitigate the impact of COVID-19.

Defendant's motion for compassionate release is DENIED.

Dated: October 26, 2020
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge