**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

        -against-

RUBIN MOYE,

                                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED APR 21 2021

ORDER

16 Crim. 250-1 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant Rubin Moye moves for reconsideration of this Court's denial of his motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). (Mot. for Reconsideration, ECF No. 130.) The Government opposes that motion. (Letter dated December 4, 2020 ("Gov't Opp'n"), ECF No. 131.)

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). Grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

Defendant has not identified any matters or controlling decisions overlooked by this Court. Defendant's original motion for compassionate release was devoid of any evidence regarding the conditions of USP Coleman-1 (the facility Defendant is incarcerated in.) Now, Defendant essentially seeks to supplement his original motion with allegations about USP Coleman-1. Defendant alleges that USP Coleman-1 is "ground zero" for COVID-19 and that COVID-19 positive inmates are being housed next to him. (Def.'s Mot. at 3.) However, Defendant's allegations are belied by the evidence. While, like most facilities, USP Coleman-1 has been impacted by the coronavirus the facility currently reports just two active COVID-19 cases among inmates and two more among staff. *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last updated April 20, 2021.) Similarly, USP Coleman-1 has been operating on a modified lockdown, ensuring that the Defendant is not coming into close proximity to COVID-19 positive inmates. (Govt' Opp'n at 2.) Defendant is housed in H Unit and the Government asserts that he does not come into contact with inmates from the other units listed in his motion "because [Defendant] interacts only with a small group of inmates from his own unit for two hours a day." (Gov't Opp'n at 2; Def.'s Mot. at 3.)

Defendant simply repeats arguments about his criminal history that the Court has already considered and rejected. (Def.'s Mot. at 5–6.) It is clear that Defendant merely takes issue with this Court's conclusions and falls short of identifying issues he believes the Court overlooked.

Due consideration was given to Defendant's health conditions and the 3553(a) sentencing factors. Moreover, Defendant's claims were considered in the context of the COVID-19 pandemic. It is Defendant's burden to demonstrate that extraordinary and compelling reasons exist warranting release. He has not done so. A motion for reconsideration is "not a vehicle for relitigating old issues" or "securing a rehearing on the merits." *Analytical Surveys, Inc. v. Tonga*

*Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).   Defendant's motion for

reconsideration is DENIED.

Dated: April 21, 2021
      New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

3